IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL J. WOODS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-194-M-DWM-JCL<br><br>ORDER |

On September 23, 2013, Daniel J. Woods filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Woods is a state prisoner proceeding pro se.

On January 27, 2014, Woods was ordered to clarify what constitutional violations he intended to allege as to each of his two claims. He responded on February 13, 2014. Thereafter, the Court ordered Respondents ("the State") to file various records from the proceedings in state court.

**I. Woods's Allegations**

Woods's petition contains two claims for relief. First, he contends that his Confrontation Clause right to confront the witnesses against him was violated when "[a]llegations made by unknown parties" were included in the presentence

report. He explains:

> A co-worker of the victim's mother, who remains unnamed, contacted counsel for the State and was given contact information for the PSI [presentence investigation report] writer. The writer was called by an unknown party and allegations were made. I denied what was told the PSI writer ever happened and all efforts to identify this unknown accuser were dismissed so I was never allowed to challenge those allegations.

Pet. (Doc. 1) at 4 ¶ 13A.

Second, Woods claims he was "[n]ot afforded an opportunity to withdraw or amend any of the Plea Agreement."

> The plea agreement did not include any parole restrictions. The mandatory sentence for the crime was 100 years, no parole consideration for the first 25 years. The agreement was for 40 years, by all accounts, an exception to the mandatory. [Nineteen] days after sentencing an amendment was made to include the 25 year parole restriction.

*Id.* at 5 ¶ 13B.

## II. Exhaustion

State prisoners who apply for federal habeas relief are required first to present their claims in state court. *Rose v. Lundy*, 455 U.S. 509, 520 (1982). To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the State's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* A petitioner must meet all three prongs of the test in one proceeding.

Woods presented his first claim in his state postconviction petition. The trial court held, and the Montana Supreme Court agreed, that the issue could have been raised on direct appeal. As it was not raised at that time, it was barred in postconviction proceedings. Appellant Br. at 2, 3-4, *Woods v. State*, No. DA 12-0558 (Mont. filed Feb. 6, 2013), *available at* http://supremecourtdocket.mt.gov (accessed Feb. 6, 2015); Order at 3 ¶ 5, Woods, No. DA 12-0558 (Mont. July 30, 2013); Mont. Code Ann. § 46-21-105(2).[1] To the extent Woods failed to allege in state court a violation at sentencing of his rights under the Confrontation Clause, no further avenue remains available in state court for him to present that claim now. In sum, Woods's first claim for relief is either technically exhausted but procedurally defaulted or simply procedurally defaulted.

Woods did not properly exhaust in state court his claim that his federal right to due process was violated because the only way the sentencing court had the authority to impose a 40-year sentence was by finding an exception to the mandatory sentence, and therefore, a 25-year parole restriction was not mandatory.

---

[1] Woods also asserted counsel was ineffective, but he does not raise that claim in this Court.

But Woods may still be able to present this claim in state court. Generally, a Montana prisoner may not file a petition for writ of habeas corpus in state court for the purpose of challenging the validity of a conviction or sentence. Mont. Code Ann. § 46-22-101(2). An exception is made, however, where the prisoner alleges that he is in custody based on "a facially invalid sentence – a sentence which, as a matter of law, the court had no authority to impose." *Lott v. State*, 150 P.3d 337, 342 ¶ 22 (Mont. 2006). Under Montana law, "district courts do not have the power to impose a sentence unless authorized by a specific grant of statutory authority." *State v. Burch*, 182 P.3d 66, 72 ¶ 23 (Mont. 2008) (citing cases).

This Court has found no Montana case interpreting Mont. Code Ann. § 46-18-222 in a manner consistent with the district court's implicit finding here of an exception under § 222 as to the mandatory 100-year sentence under § 45-5-507(5)(a)(i) while also *not* finding an exception under § 222 as to the mandatory no-parole restriction in § 45-5-507(5)(a)(i). Moreover, the record suggests that each party and the court were confused as to what the statutory penalty actually was. *Compare, e.g.*, Information (Doc. 9-8) at 1; Post-Judgment Order (Doc. 9-6) at 9 (asserting that sentence deviated from "statutory *maximum* of 100 years") (emphasis added), *with* Mont. Code Ann. § 45-5-507(5)(a)(i) (2007) ("shall be punished by imprisonment . . . for a term of 100 years."). The record also suggests the terms of the court's judgment changed after sentencing. *Compare* Sentencing

4

Tr. at 39:20-41:18, 44:2-9; Judgment (Doc. 9-4) at 2, *with* Post-Judgment Order (Doc. 9-6) at 1. Whether the parties intended the 25-year mathematical difference between the total sentence of 40 years and the suspended term of 15 years to be the equivalent of the 25-year no-parole term in Mont. Code Ann. § 45-5-507(5)(a)(i) – the very same provision that mandated a sentence, not a maximum, of 100 years – is as unclear as the legal foundation for the total 40-year term and 25-year no-parole restriction imposed by the sentencing court.

Although the Montana Supreme Court may conclude otherwise, it is possible that Woods's sentence is illegal. Consequently, this Court cannot deem his second claim for relief technically exhausted. The Montana Supreme Court might entertain a habeas petition under Mont. Code Ann. § 46-22-101 and *Lott*.

Because Woods *may* be able to return with his second claim to state court, he *must* do so. *See Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). While his first claim is exhausted, his second is unexhausted. Accordingly, his federal petition is "mixed."

### III. Stay

Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), the Court may stay a mixed federal habeas petition to permit exhaustion of additional claims "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

5

intentionally dilatory litigation tactics." *Id.* at 278. Woods has been diligent in attempting to obtain relief against the no-parole restriction in the post-judgment order. His claim is potentially meritorious.

As to good cause, three factors support finding it here. First, Woods's claim regarding the court's authority to impose the sentence it did should have been raised on direct appeal. While the prosecutor, too, misstated the penalty in the Information and voluntarily entered into a potentially illegal plea agreement, defense counsel at trial and on appeal should have spotted the issue as well. Deficient performance by counsel is cause to excuse procedural default, *cf. Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986), so it should support a finding of cause to impose a stay.

Second, because the scope of the writ of habeas corpus in state court is very limited, it is difficult to characterize it as a normal step in State collateral review. Imposing a stay when an otherwise-diligent petitioner may be able to obtain the writ in state court is better policy than compelling state prisoners to test the availability of the writ in every case. Moreover, habeas is generally a speedy remedy, because an application is filed directly in the Montana Supreme Court.

Finally, despite Woods's diligence, dismissing his second claim now, rather than imposing a stay, would result in imposition of a time bar against Woods's second claim, should he attempt to return to federal court after presenting the

claim to the Montana Supreme Court. But the claim was timely when Woods filed it in this Court. This situation is why the *Rhines* Court recognized the legitimacy of a stay to allow further exhaustion in state court. *See Rhines*, 544 U.S. at 272-73.

Under the unique circumstances here, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. This matter will be stayed to permit Woods to file a petition for writ of habeas corpus in the Montana Supreme Court to present to that court the second of the two claims he presents in this Court.

Based on the foregoing, the Court enters the following:

**ORDER**

1. This matter is STAYED to allow Woods to exhaust his second claim for relief.

2. Woods must file a status report in this Court on or before **March 13, 2015,** to advise the Court of any filing he has made in state court. Provided Woods timely files in state court, the stay in this Court will be continued pending disposition of Woods's action in state court. If Woods does not pursue relief in state court in compliance with this Order, his second claim for relief will be held procedurally defaulted and will be subject to dismissal with prejudice.

7

<u>Woods must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 9th day of February, 2015.

                                                 /s/ *Jeremiah C. Lynch*
                                                 Jeremiah C. Lynch
                                                 United States Magistrate Judge