FILED
OCT 0 9 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL J. WOODS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 13–194–M–DWM<br><br>ORDER |

Petitioner Daniel J. Woods filed this action under 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. Magistrate Judge Jeremiah Lynch recommends denying Woods's Petition for Writ of Habeas Corpus on the merits. (Doc. 20.) Woods timely filed written objections to Judge Lynch's findings and recommendations. (Doc. 23.)

Woods is entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where there is no objection, the court is to give the level of consideration

1

it deems appropriate. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., Inc.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

In his objections, Woods makes numerous accusations about the state district court judge and prosecutor, including judicial bias and vindictive prosecution. He states that "[i]rregularities abound in this case" and that he "keeps piling on new claims in hopes that his judgment will be fairly served." (Doc. 23 at 7.) Woods does not reference any specific findings or recommendations to which he objects. Nevertheless, construed broadly, Woods's objections amount to the same arguments he has advanced before with regards to his claims that his rights to confront witnesses and to due process of law have been violated. Woods's objections are overruled.

First, as to Woods's Confrontation Clause claim regarding the allegations documented in the presentence investigation report, "hearsay is admissible at

2

sentencing, so long as it is accompanied by some minimal indicia of reliability." *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (internal quotation marks omitted). *See also id.* (concluding that *Crawford v. Washington*, 541 U.S. 36 (2004), did not overrule *Williams v. New York*, 337 U.S. 241 (1949)). At the sentencing hearing, the prosecutor explained in enough detail where the allegations came from to provide "some minimal indicia of reliability." (*See* Doc. 9-2 at 17.) Woods has therefore failed to establish a violation of his rights under the Sixth Amendment.

Second, as to Woods's Due Process Clause claim, he argues that the imposition of the 25-year parole restriction amounts to a facially invalid sentence because the components of his sentence conflict with the terms of Montana Code Annotated § 45–5–507(5). Woods's claim is not subject to federal habeas review because "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (internal quotation marks omitted). The Montana Supreme Court addressed this claim in its order denying Woods's petition for writ of habeas corpus and concluded that "Woods has not demonstrated that he is incarcerated under a facially invalid sentence." *Woods v. Laughlin*, No. OP 15-0277 (Mont. May 19, 2015). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on

3

state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

The Court finds no clear error with the remaining findings and analysis.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 20) is ADOPTED IN FULL. Daniel J. Woods's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED for lack of merit and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 9th day of October, 2015.

Donald W. Molloy, District Judge
United States District Court